**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

SPH AMERICA, LLC,
a Virginia company,

        Plaintiff,

    v.

ACER, INC., a Taiwanese company; ACER
AMERICA CORPORATION, a California
company; AMAZON.COM, INC., a Delaware
company; APPLE, INC., a California company;
CASIO COMPUTER CO., LTD., a Japanese
company; CASIO AMERICA, INC., a New York
company; CASIO CORPORATION OF
AMERICA, INC., a Delaware company; CASIO
HITACHI MOBILE COMMUNICATIONS CO.,
LTD., a Japanese company; DELL INC., a
Delaware company; FUJITSU AMERICA, INC.,
a California company; FUJITSU LTD., a
Japanese company; FUTUREWEI
TECHNOLOGIES, INC., a Texas company;
GENERAL DYNAMICS ITRONIX
CORPORATION, a Delaware company;
HEWLETT PACKARD CO., a Delaware
company; HUAWEI TECHNOLOGIES CO.,
LTD., a Chinese company; LENOVO GROUP
LTD., a Chinese (Hong Kong) company;
LENOVO HOLDING COMPANY, INC., a
Delaware company; LENOVO (United States)
INC., a Delaware company; MOTOROLA, INC.,
a Delaware company; NOKIA CORPORATION,
a Finnish company; NOKIA INC., a Delaware
company; NOVATEL WIRELESS INC., a
Delaware company; NOVATEL WIRELESS
SOLUTIONS, INC., a Delaware company;
NOVATEL WIRELESS TECHNOLOGY, INC.,
a Delaware company; OPTION NV, a Belgian
company; OPTION WIRELESS USA, INC., a
Delaware company; PALM, INC., a Delaware
company; PANASONIC CORPORATION, a
Japanese company; PANASONIC
CORPORATION OF NORTH AMERICA, a
Delaware company; PERSONAL

Civil Action No. 1:09-CV-740 LMB/JFA

JURY TRIAL DEMANDED

COMMUNICATIONS DEVICES, LLC, a
Delaware company; PERSONAL
COMMUNICATIONS DEVICES HOLDINGS,
LLC, a Delaware company; SIERRA
WIRELESS, INC., a Canadian company;
SIERRA WIRELESS AMERICA, INC., a
Delaware company; SONY CORPORATION, a
Japanese company; SONY CORPORATION OF
AMERICA, a New York company; SONY
ELECTRONICS INC., a Delaware company;
SONY ERICSSON MOBILE
COMMUNICATIONS AB, a Swedish company;
SONY ERICSSON MOBILE
COMMUNICATIONS (USA), INC., a Delaware
company; UTSTARCOM, INC., a Delaware
company; ZTE CORPORATION, a Chinese
company; and ZTE (USA) INC., a New Jersey
company,

                        Defendants.

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SPH America, LLC ("SPH America") brings this action for patent

infringement against Acer, Inc., Acer America Corporation, Amazon.com, Inc., Apple, Inc.,

Casio Computer Co., LTD., Casio America, Inc., Casio Corporation of America, Inc., Casio

Hitachi Mobile Communications Co., LTD., Dell Inc., Fujitsu America, Inc., Fujitsu LTD.,

FutureWei Technologies, Inc., General Dynamics Itronix Corporation, Hewlett Packard Co.,

Huawei Technologies Co., LTD., Lenovo Group LTD., Lenovo Holding Company, Inc.,

Lenovo (United States) Inc., Motorola, Inc., Nokia Corporation, Nokia Inc., Novatel Wireless

Inc., Novatel Wireless Solutions, Inc., Novatel Wireless Technology, Inc., Option NV, Option

Wireless USA, Inc., Palm, Inc., Panasonic Corporation, Panasonic Corporation of North

America, Personal Communications Devices, LLC, Personal Communications Devices

Holdings, LLC, Sierra Wireless, Inc., Sierra Wireless America, Inc., Sony Corporation, Sony

Corporation of America, Sony Electronics Inc., Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile Communications (USA), Inc., UTStarCom, Inc., ZTE Corporation, and ZTE (USA) Inc. (individually and/or collectively "Defendants"), alleging as follows:

## THE PARTIES

1.      Plaintiff SPH America is a Virginia limited liability company, and has a regular and established place of business at 8133 Leesburg Pike, Suite 640, Vienna, Virginia 22182.  SPH America is the exclusive licensee having all substantial rights to a portfolio of patents related to wireless communications, including United States Patent Nos. RE 40,385 (the "'385 patent"), 5,960,029 (the "'029 patent"), 7,443,906 (the "'906 patent"), RE 40,253 (the "'253 patent"), and 7,586,973 (the "'973 patent") (collectively, the "patents-in-suit" or "asserted patents"), which are owned as a matter of record by the Electronics and Telecommunications Research Institute ("ETRI"), a South Korean non-profit research organization located at 1599-11 Seocho-Dong, 6th Floor, Seocho-Gu, Seoul, 137-876, Korea.

2.      On information and belief, Acer, Inc. is a corporation organized and existing under the laws of Taiwan, with its principal place of business at 21F 88 Hsin Tai Wu Road, Section 1, Taiwan.  Acer America Corporation, on information and belief, is a wholly-owned subsidiary of Acer, Inc. and is organized and existing under the laws of California, with a principal place of business at 333 West San Carlos Street, Suite 1500, San Jose, California 95110.  Acer, Inc. and Acer America Corporation will be referred to herein individually and collectively as the "Acer Defendants."

3.      On information and belief, Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.  On information

and belief, Amazon designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

4.      On information and belief, Apple, Inc. ("Apple") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  On information and belief, Apple designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

5.      On information and belief, Casio Computer Co., Ltd. is a company organized and existing under the laws of Japan, with its principal place of business at 6-2, Hon-machi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan.  Casio Hitachi Mobile Communications Co., Ltd., on information and belief, is a subsidiary of Casio Computer Co., Ltd. and organized and existing under the laws of Japan, with its principal place of business at 2-229-1 Sakuragaoka, Higashi-Yamato City, Tokyo, Japan.  Casio America, Inc., on information and belief, is a wholly-owned subsidiary of Casio Computer Co., Ltd. and incorporated under the laws of the State of New York, with its principal place of business at 570 Mount Pleasant Avenue, Dover, New Jersey 07801.  Casio Corporation of America, Inc., on information and belief, is a wholly-owned subsidiary of Casio Computer Co., Ltd. and incorporated under the laws of the State of Delaware, with its principal place of business at 570 Mount Pleasant Avenue, Dover, New Jersey 07801.  Casio Computer Co., Ltd., Casio Hitachi Mobile Communications Co., Ltd., Casio America, Inc., and Casio Corporation of America, Inc. will be referred to herein individually and collectively as the "Casio Defendants."  On information and belief, the Casio Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

6.     On information and belief, Dell Inc. ("Dell") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.  On information and belief, Dell designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

7.     On information and belief, Fujitsu Ltd. is a company organized and existing under the laws of Japan, with its principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-Ku, Tokyo 105-7123, Japan.  On information and belief, Fujitsu America, Inc. is a wholly-owned subsidiary of Fujitsu Ltd. and is a corporation organized and existing under the laws of California, with a principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085.  Fujitsu Ltd. and Fujitsu America, Inc. will be referred to herein individually and collectively as the "Fujitsu Defendants."  On information and belief, the Casio Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

8.     On information and belief, General Dynamics Itronix Corporation ("General Dynamics") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 12825 East Mirabeau Parkway, Spokane Valley, Washington 99216.  On information and belief, General Dynamics designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

9.     On information and belief, Hewlett Packard Co. ("HP") is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 3000 Hanover Street, MS 1050, Palo Alto, California 94304.  On information and

belief, HP designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

10.    On information and belief, Huawei Technologies Co., Ltd. is a company organized and existing under the laws of China, with its principal place of business at HQ Office Building, Huawei Industrial Base, Bantian, Longgang District, Shenzen 518129, P.R. China.  FutureWei Technologies, Inc., on information and belief, is a wholly-owned subsidiary of Huawei Technologies Co., Ltd. and is an incorporation organized and existing under the laws of the State of Texas, with its principal place of business at 1700 Alma Drive, Suite 100, Plano, Texas 75075.  Huawei Technologies Co., Ltd. and FutureWei Technologies, Inc. will be referred to herein individually and collectively as the "Huawei Defendants."  On information and belief, the Huawei Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

11.    On information and belief, Lenovo Group Ltd. is a company organized and existing under the laws of China, with its principal place of business at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong.  Lenovo Holding Company, Inc., on information and belief, is a wholly-owned subsidiary of Lenovo Group Ltd. and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.  Lenovo (United States) Inc., on information and belief, is a wholly-owned subsidiary of Lenovo Group Ltd. and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.  Lenovo Group Ltd., Lenovo Holding Company, Inc., and Lenovo (United States) Inc. will be referred to herein individually and collectively as the "Lenovo Defendants."  On information and

belief, the Lenovo Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

12.     On information and belief, Motorola, Inc. ("Motorola") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1303 East Algonquin Road, Schaumberg, Illinois 60196.  On information and belief, Motorola designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

13.     On information and belief, Nokia Corporation is a Finnish Corporation, with its principal place of business at Keilalahdentie 4, P.O. Box 226, FI-00045 Nokia Group, Espoo, Finland.  Nokia Inc., on information and belief, is a wholly-owned subsidiary of Nokia Corporation and incorporated under the laws of the State of Delaware, with its principal place of business at 6000 Connection Drive, Irving, Texas 75039.  Nokia Corporation and Nokia Inc. will be referred to herein individually and collectively as the "Nokia Defendants."  On information and belief, the Nokia Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

14.     On information and belief, Novatel Wireless, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 9645 Scranton Road, Suite 205, San Diego, California 92121.  Novatel Wireless Solutions, Inc., on information and belief, is a wholly-owned subsidiary of Novatel Wireless, Inc. and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 9645 Scranton Road, Suite 205, San Diego, California 92121. Novatel Wireless Technology, Inc., on information and belief, is a wholly-owned subsidiary of Novatel Wireless, Inc. and is a corporation organized and existing under the laws of the

State of Delaware, with its principal place of business at 9645 Scranton Road, Suite 205, San Diego, California 92121.  Novatel Wireless, Inc., Novatel Wireless Solutions, Inc., and Novatel Wireless Technology, Inc. will be referred to herein individually and collectively as the "Novatel Defendants."  On information and belief, the Novatel Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

15.     On information and belief, Option NV is a corporation organized and existing under the laws of Belgium, with its principal place of business at Gaston Geenslan 14, 3001 Leuven, Belgium.  Option Wireless USA, Inc., on information and belief, is a wholly-owned subsidiary of Option NV and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 13010 Morris Road, 6th Floor, Building 1, Alpharetta, Georgia 30004.  Option NV and Option Wireless USA, Inc. will be referred to herein individually and collectively as the "Option Defendants."  On information and belief, the Option Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

16.     On information and belief, Palm, Inc. ("Palm") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 950 West Maude Avenue, Sunnyvale, California 94085.  On information and belief, Palm designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

17.     On information and belief, Panasonic Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business at 1006 Oaza Kadoma, Kadoma, Osaka 571-8501, Japan.  Panasonic Corporation of North America, on

information and belief, is a wholly-owned subsidiary of Panasonic Corporation and is a

corporation organized and existing under the laws of the State of Delaware, with its principal

place of business at One Panasonic Way, Secaucus, New Jersey 07094.  Panasonic

Corporation and Panasonic Corporation of North America will be referred to herein

individually and collectively as the "Panasonic Defendants."  On information and belief, the

Panasonic Defendants design, manufacture, use, sell, import, and/or distribute wireless

communications products accused of infringement herein.

18.     On information and belief, Personal Communications Devices Holdings, LLC

is a limited liability company organized and existing under the laws of the State of Delaware,

with its principal place of business at 555 Wireless Blvd., Hauppauge, New York 11788-

3966.  Personal Communications Devices  LLC, on information and belief, is a wholly-owned

subsidiary of Personal Communications Devices Holdings, LLC and is a limited liability

company organized and existing under the laws of the State of Delaware, with its principal

place of business at 555 Wireless Blvd., Hauppauge, New York 11788-3966.  Personal

Communications Devices Holdings, LLC and Personal Communications Devices LLC will be

referred to herein individually and collectively as the "PCD Defendants."  On information and

belief, the PCD Defendants design, manufacture, use, sell, import, and/or distribute wireless

communications products accused of infringement herein.

19.     On information and belief, Sierra Wireless, Inc. is a Canadian corporation,

with its principal place of business at 13811 Wireless Way, Richmond, BC Canada V6V 3A4.

Sierra Wireless America, Inc., on information and belief, is a wholly-owned subsidiary of

Sierra Wireless, Inc. and is incorporated under the laws of the State of Delaware, with its

principal place of business at 2290 Cosmos Ct., Carlsbad, California 92011.  Sierra Wireless,

Inc. and Sierra Wireless America, Inc. will be referred to herein individually and collectively as the "Sierra Wireless Defendants."  On information and belief, Sierra Wireless Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

20.     On information and belief, Sony Corporation is a Japanese Corporation, with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo, Japan.  Sony Corporation of America, on information and belief, is a wholly-owned subsidiary of Sony Corporation and is incorporated under the laws of the State of New York, with its principal place of business at 550 Madison Avenue, 27th Floor, New York, New York 10022.  Sony Electronics Inc., on information and belief, is a wholly owned subsidiary of Sony Corporation of America, and is organized and existing under the laws of Delaware, with a principal place of business at 16530 Via Esprillo, San Diego, California 92127.  Sony Corporation, Sony Corporation of America, and Sony Electronics Inc. will be referred to herein individually and collectively as the "Sony Defendants."  On information and belief, the Sony Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

21.     On information and belief, Sony Ericsson Mobile Communications AB is a Swedish company, with its principal place of business at 202 Hammersmith Road, London, W6 7DN, United Kingdom.  Sony Ericsson Mobile Communications (USA), Inc., on information and belief, is a wholly-owned subsidiary of Sony Ericsson Mobile Communications AB, and is incorporated under the laws of the State of Delaware, with its principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709.  Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile

Communications (USA), Inc. will be referred to herein individually and collectively as the "Sony Ericsson Defendants." On information and belief, the Sony Ericsson Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

22.     On information and belief, UTStarCom, Inc. ("UTStarCom") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1275 Harbor Bay Parkway, Alameda, California 94502. On information and belief, UTStarCom designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

23.     On information and belief, ZTE Corporation is a corporation organized and existing under the laws of China, with its principal place of business at ZTE Plaza, Hi-Tech Road South, Hi-Tech Industrial Park, Nanshan District, Shenzen, China 518057. ZTE (USA) Inc., on information and belief, is a wholly-owned subsidiary of ZTE Corporation and is incorporated under the laws of the State of New Jersey, with its principal place of business at 33 Wood Avenue South, Iselin, New Jersey 08830. ZTE Corporation and ZTE (USA) Inc. will be referred to herein individually and collectively as the "ZTE Defendants." On information and belief, the ZTE Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

## JURISDICTION AND VENUE

24.     This lawsuit is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

25.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

26.     This Court has personal jurisdiction over the Acer Defendants, and venue is proper in this District, because the Acer Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Acer Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the Acer Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Aspire One wireless communications devices.  In accordance with established distribution channels for the accused products, the Acer Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

27.     This Court has personal jurisdiction over Amazon, and venue is proper in this District, because Amazon does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over Amazon because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.  On information and belief, Amazon knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or

offered for sale within this District under various brand names including but not limited to the Kindle and Kindle DX wireless communications devices.  In accordance with established distribution channels for the accused products, Amazon reasonably anticipated that the accused products would end up in this District and be sold herein.

28.     This Court has personal jurisdiction over Apple, and venue is proper in this District, because Apple does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over Apple because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.  On information and belief, Apple knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the iPhone 3G and iPhone 3G-S wireless communications devices.  In accordance with established distribution channels for the accused products, Apple reasonably anticipated that the accused products would end up in this District and be sold herein.

29.     This Court has personal jurisdiction over the Casio Defendants, and venue is proper in this District, because the Casio Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Casio Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the Casio Defendants knowingly and intentionally participate in a stream of

commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the C711ORX, CDM8975, and EXILIM wireless communications devices.  In accordance with established distribution channels for the accused products, the Casio Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

30.     This Court has personal jurisdiction over Dell, and venue is proper in this District, because Dell does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over Dell because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.  On information and belief, Dell knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Latitude (D430, D630, D630c, D631, D830, ATG, XFR, XT2, E4200, E4300, E5400, E6400, E6400 ATG, and E6500), Precision (M2300, M2400, M4300, M4400, and M6400), XPS (M1210, M1330, M1730, Studio XPS 13, and Studio XPS 16), Inspiron (1420, 1525, and 1720), Studio (15 and 17), and Vostro wireless communications devices.  In accordance with established distribution channels for the accused products, Dell reasonably anticipated that the accused products would end up in this District and be sold herein.

31.     This Court has personal jurisdiction over the Fujitsu Defendants, and venue is proper in this District, because the Fujitsu Defendants do business in Virginia and in this

District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Fujitsu Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the Fujitsu Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the LifeBook T1010, LifeBook T1630, LifeBok T2020, LifeBook T5010, LifeBook U820, and LifeBook E8420 wireless communications devices.  In accordance with established distribution channels for the accused products, the Fujitsu Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

32.     This Court has personal jurisdiction over General Dynamics, and venue is proper in this District, because General Dynamics does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over General Dynamics because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.  On information and belief, General Dynamics knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the GD6000, GoBook MR-1, and GoBook XR-1 wireless communications devices.  In accordance with established distribution channels

for the accused products, General Dynamics reasonably anticipated that the accused products would end up in this District and be sold herein.

33.      This Court has personal jurisdiction over HP, and venue is proper in this District, because HP does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over HP because it has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, HP knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Compaq 6530b, Compaq 6730b, Compaq 6930b, EliteBook 2530p, EliteBook 2730p, and EliteBook 8530p wireless communications devices.  In accordance with established distribution channels for the accused products, HP reasonably anticipated that the accused products would end up in this District and be sold herein.

34.      This Court has personal jurisdiction over the Huawei Defendants, and venue is proper in this District, because the Huawei Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Huawei Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the Huawei Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example,

the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the webConnect USB and Huawei 181 wireless communications devices. In accordance with established distribution channels for the accused products, the Huawei Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

35.     This Court has personal jurisdiction over the Lenovo Defendants, and venue is proper in this District, because the Lenovo Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Lenovo Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Lenovo Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the ThinkPad T400, ThinkPad T500, ThinkPad X200, and ThinkPad X301 wireless communications devices. In accordance with established distribution channels for the accused products, the Lenovo Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

36.     This Court has personal jurisdiction over Motorola, and venue is proper in this District, because Motorola does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Motorola because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play

and substantial justice. On information and belief, Motorola knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the 120X, V510, V260, T720, V60v, C343, T730, V60x, SLVR L7c, W315, E310, T731C, V65p, RAZR V3c (MS500), V710, KRZR K1m (MS700), A840, V120e, V262, Moto Q, V276, C24, C290, C341, E816 (Hollywood), ic402 (Blend), ic502 (Buzz), M800, M800 Bag Phone, Moto Q 9c, Moto Q Music 9m, Moto Z6c, QA4 (Evoke), RAZR Maxx Ve, RAZR V3m, RAZR VE20, RAZR2 V9m, RIZR Z6tv, ROKR Z6m, T300p, V266, V323, V323i, V325, V60p, V750 (Adventure), V950, VE240, VU204, VU30 (Rapture), W385, W755, ZN4 (Krave), V265, E815, and V810 wireless communications devices. In accordance with established distribution channels for the accused products, Motorola reasonably anticipated that the accused products would end up in this District and be sold herein.

37.     This Court has personal jurisdiction over the Nokia Defendants, and venue is proper in this District, because the Nokia Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Nokia Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Nokia Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Nokia N97, N96, N95 8GB, N95,

N85, N79, N75, E75, E71x, E71, E66, E63, 7610, 7510, 7205 Intrigue, 6650 Fold, 6500

Classic, 6301, 6263, 6212, 6205, 6131 NFC, 6085, 5800, 5610, 5310, 3610, 3606, 3600 Slide,

3555, 2760, 2680 Slide, 2660, 2630, 2610, 2605 Mirage, 2600 ATT, 2135, 1680 Classic,

1661, 1606, 1208, and 1006 wireless communications devices.  In accordance with

established distribution channels for the accused products, the Nokia Defendants reasonably

anticipated that the accused products would end up in this District and be sold herein.

      38.     This Court has personal jurisdiction over the Novatel Defendants, and venue is

proper in this District, because the Novatel Defendants do business in Virginia and in this

District, and infringement has occurred and continues to occur in Virginia and in this District.

In addition, the Court has personal jurisdiction over the Novatel Defendants because each of

them has established minimum contact with the forum and the exercise of jurisdiction over

them would not offend traditional notions of fair play and substantial justice.  On information

and belief, the Novatel Defendants knowingly and intentionally participate in a stream of

commerce into the United States including sales of the accused products.  By way of example,

the accused products include those ultimately sold and/or offered for sale within this District

under various brand names including but not limited to the MC760, S720, Ovation MC727,

Ovation U727, Ovation U760, MCD3000, MiFi 2200, Merlin X720, Merlin EX720, Merlin

XV620, Merlin PC720, Expedite E760, and Expedite E725 wireless communications devices.

In accordance with established distribution channels for the accused products, the Novatel

Defendants reasonably anticipated that the accused products would end up in this District and

be sold herein.

      39.     This Court has personal jurisdiction over the Option Defendants, and venue is

proper in this District, because the Option Defendants do business in Virginia and in this

District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Option Defendants because each of them has established minimum contact with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Option Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Quicksilver, GT Ultra, and GT Ultra Express wireless communications devices. In accordance with established distribution channels for the accused products, the Option Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

40.     This Court has personal jurisdiction over Palm, and venue is proper in this District, because Palm does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Palm because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief, Palm knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Centro, Pre, Treo 755p, Treo 700wx, and Treo PRO wireless communications devices. In accordance with established distribution channels for the accused products, Palm reasonably anticipated that the accused products would end up in this District and be sold herein.

41.     This Court has personal jurisdiction over the Panasonic Defendants, and venue is proper in this District, because the Panasonic Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Panasonic Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the Panasonic Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Toughbook F8, Toughbook T8, Toughbook W8, Toughbook 52, Toughbook 74, Toughbook 19, Toughbook 30, Toughbook U1, and Toughbook H1 wireless communications devices.  In accordance with established distribution channels for the accused products, the Panasonic Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

42.     This Court has personal jurisdiction over the PCD Defendants, and venue is proper in this District, because the PCD Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over PCD Defendants because each of them has established minimum contact with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the PCD Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District

under various brand names including but not limited to the C711ORX, C711SL, C721, CDM8975, CDM8950, and TXT8010 wireless communications devices.  In accordance with established distribution channels for the accused products, the PCD Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

43.     This Court has personal jurisdiction over the Sierra Wireless Defendants, and venue is proper in this District, because the Sierra Wireless Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over the Sierra Wireless Defendants because each of them has established minimum contact with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the Sierra Wireless Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the AC875, AC885, Mercury, 598U, AirCard 402, AirCard 595, Compass 597, Raven X, Raven XT, Raven Ethernet CDMA, and Pinpoint X wireless communications devices.  In accordance with established distribution channels for the accused products, the Sierra Wireless Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

44.     This Court has personal jurisdiction over the Sony Defendants, and venue is proper in this District, because the Sony Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Sony Defendants because each of them

has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Sony Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the W595a Walkman, Cybershot C902, VAIO Lifestyle PC, VAIO TT200 Series, and VAIO Z600 Series wireless communications device. In accordance with established distribution channels for the accused products, the Sony Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

45.    This Court has personal jurisdiction over the Sony Ericsson Defendants, and venue is proper in this District, because the Sony Ericsson Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Sony Ericsson Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Sony Ericsson Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the W760a, TM506, and XPERIA wireless communications devices. In accordance with established distribution channels for the accused products, the Sony Ericsson Defendants

reasonably anticipated that the accused products would end up in this District and be sold herein.

46.    This Court has personal jurisdiction over UTStarCom, and venue is proper in this District, because UTStarCom does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over UTStarCom because it has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, UTStarCom knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the CDM8955, CDM7126, CDM8955, and UM175 wireless communications devices.  In accordance with established distribution channels for the accused products, UTStarCom reasonably anticipated that the accused products would end up in this District and be sold herein.

47.    This Court has personal jurisdiction over the ZTE Defendants, and venue is proper in this District, because the ZTE Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the ZTE Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the ZTE Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example,

the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the C79 wireless communications device.  In accordance with established distribution channels for the accused products, the ZTE Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

## FACTUAL BACKGROUND

48.     The Electronics and Telecommunications Research Institute ("ETRI") was established in 1976 and is located in Korea.  ETRI is a non-profit, government-funded research organization that has been at the forefront of technological excellence for more than 25 years.  ETRI employs over 1,600 scientists and researchers dedicated to the research and development of cutting-edge technologies having applications in a variety of different industries.  In particular, ETRI is world-renowned for its research and development in the fields of information and telecommunications.  ETRI has become synonymous with the rise of Korea as one of the world's technology leaders and has become globally recognized for its landmark achievements in communications technology including, for example, developments in a communications technology referred to as Code Division Multiple Access or CDMA.

49.     ETRI's extensive research and development efforts have led to the award of over 15,000 patents worldwide.  ETRI's extensive patent portfolio includes the asserted patents.

50.     The '385 patent is titled "ORTHOGONAL COMPLEX SPREADING METHOD FOR MULTICHANNEL AND APPARATUS THEREOF," and generally teaches and claims apparatus and methods for digital signal transmission which improve signal performance through, among other things, improved signal spreading.  The '385 patent was duly and legally issued by the United States Patent and Trademark Office on June 17, 2008.

51.    The '029 patent is titled "COHERENT DUAL-CHANNEL QPSK
MODULATOR/DEMODULATOR FOR CDMA SYSTEMS, AND
MODULATING/DEMODULATING METHODS THEREFOR," and generally teaches and
claims apparatus and methods for digital signal transmission which improve signal
performance through, among other things, improved modulation and demodulation of a
reference signal or carrier wave.  The '029 patent was duly and legally issued by the United
States Patent and Trademark Office on September 28, 1999.

52.    The '906 patent is titled "APPARATUS AND METHOD FOR
MODULATING DATA MESSAGE BY EMPLOYING ORTHOGONAL VARIABLE
SPREADING FACTOR (OVSF) CODES IN MOBILE COMMUNICATION SYSTEM," and
generally teaches and claims apparatus and methods for digital signal transmission which
improve signal performance through, among other things, improved signal spreading.  The
'906 patent was duly and legally issued by the United States Patent and Trademark Office on
October 28, 2008.

53.    The '253 patent is titled "APPARATUS FOR MAKING A RANDOM
ACCESS TO THE REVERSE COMMON CHANNEL OF A BASE STATION IN CDMA
AND METHOD THEREFOR," and generally teaches and claims apparatus and methods for
improving wireless communication performance by reducing unnecessary transmissions.  The
'253 patent was duly and legally issued by the United States Patent and Trademark Office on
April 22, 2008.

54.    The '973 patent is titled "APPARATUS AND METHOD FOR
MODULATING DATA MESSAGE BY EMPLOYING ORTHOGONAL VARIABLE
SPREADING FACTOR (OVSF) CODES IN MOBILE COMMUNICATION SYSTEM," and

generally teaches and claims apparatus and methods for digital signal transmission which improve signal performance through, among other things, improved signal spreading. The '973 patent was duly and legally issued by the United States Patent and Trademark Office on September 8, 2009.

55.     ETRI's innovative achievements are based on significant investments in labor and capital; indeed, ETRI spends hundreds of millions of dollars annually to support its research and development operations.

56.     ETRI has granted SPH America an exclusive license to certain patents, including the asserted patents. The exclusive license includes all substantial rights to the asserted patents, including the exclusive right to make, use, or sell the patented technology, and the exclusive right to sue for past, current, and future infringements of the asserted patents. ETRI has retained no substantial rights in the asserted patents.

57.     The Acer Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Aspire One devices. The Acer Defendants earn substantial revenue each year selling such products in the United States.

58.     Amazon is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Kindle and Kindle DX devices. Amazon earns substantial revenue each year selling such products in the United States.

59.     Apple is a well known designer, producer and supplier of wireless communication devices, including but not limited to the iPhone 3G and iPhone 3G-S devices. Apple earns substantial revenue each year selling such products in the United States.

60.     The Casio Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the C711ORX, CDM8975, and

EXILIM devices.  The Casio Defendants earn substantial revenue each year selling such products in the United States.

61.     Dell is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Latitude (D430, D630, D630c, D631, D830, ATG, XFR, XT2, E4200, E4300, E5400, E6400, E6400 ATG, and E6500), Precision (M2300, M2400, M4300, M4400, and M6400), XPS (M1210, M1330, M1730, Studio XPS 13, and Studio XPS 16), Inspiron (1420, 1525, and 1720), Studio (15 and 17), and Vostro devices.  Dell earns substantial revenue each year selling such products in the United States.

62.     The Fujitsu Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the LifeBook T1010, LifeBook T1630, LifeBok T2020, LifeBook T5010, LifeBook U820, and LifeBook E8420 devices.  The Fujitsu Defendants earn substantial revenue each year selling such products in the United States.

63.     General Dynamics is a well known designer, producer and supplier of wireless communication devices, including but not limited to the GD6000, GoBook MR-1, and GoBook XR-1 devices.  General Dynamics earns substantial revenue each year selling such products in the United States.

64.     HP is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Compaq 6530b, Compaq 6730b, Compaq 6930b, EliteBook 2530p, EliteBook 2730p, and EliteBook 8530p devices.  HP earns substantial revenue each year selling such products in the United States.

65.     The Huawei Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the webConnect USB and

Huawei 181 devices.  The Huawei Defendants earn substantial revenue each year selling such products in the United States.

66.      The Lenovo Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the ThinkPad T400, ThinkPad T500, ThinkPad X200, and ThinkPad X301 devices.  The Lenovo Defendants earn substantial revenue each year selling such products in the United States.

67.      Motorola is a well known designer, producer and supplier of wireless communication devices, including but not limited to the 120X, V510, V260, T720, V60v, C343, T730, V60x, SLVR L7c, W315, E310, T731C, V65p, RAZR V3c (MS500), V710, KRZR K1m (MS700), A840, V120e, V262, Moto Q, V276, C24, C290, C341, E816 (Hollywood), ic402 (Blend), ic502 (Buzz), M800, M800 Bag Phone, Moto Q 9c, Moto Q Music 9m, Moto Z6c, QA4 (Evoke), RAZR Maxx Ve, RAZR V3m, RAZR VE20, RAZR2 V9m, RIZR Z6tv, ROKR Z6m, T300p, V266, V323, V323i, V325, V60p, V750 (Adventure), V950, VE240, VU204, VU30 (Rapture), W385, W755, ZN4 (Krave), V265, E815, and V810 devices.  Motorola earns substantial revenue each year selling such products in the United States.

68.      The Nokia Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Nokia N97, N96, N95 8GB, N95, N85, N79, N75, E75, E71x, E71, E66, E63, 7610, 7510, 7205 Intrigue, 6650 Fold, 6500 Classic, 6301, 6263, 6212, 6205, 6131 NFC, 6085, 5800, 5610, 5310, 3610, 3606, 3600 Slide, 3555, 2760, 2680 Slide, 2660, 2630, 2610, 2605 Mirage, 2600 ATT, 2135, 1680 Classic, 1661, 1606, 1208, and 1006 devices.  The Nokia Defendants earn substantial revenue each year selling such products in the United States.

69.     The Novatel Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the MC760, S720, Ovation MC727, Ovation U727, Ovation U760, MCD3000, MiFi 2200, Merlin X720, Merlin EX720, Merlin XV620, Merlin PC720, Expedite E760, and Expedite E725 devices.  The Novatel Defendants earn substantial revenue each year selling such products in the United States.

70.     The Option Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Quicksilver, GT Ultra, and GT Ultra Express devices.  The Option Defendants earn substantial revenue each year selling such products in the United States.

71.     Palm is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Centro, Pre, Treo 755p, Treo 700wx, and Treo PRO devices.  Palm earns substantial revenue each year selling such products in the United States.

72.     The Panasonic Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Toughbook F8, Toughbook T8, Toughbook W8, Toughbook 52, Toughbook 74, Toughbook 19, Toughbook 30, Toughbook U1, and Toughbook H1 devices.  The Panasonic Defendants earn substantial revenue each year selling such products in the United States.

73.     The PCD Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the C711ORX, C711SL, C721, CDM8975, CDM8950, and TXT8010 devices.  The PCD Defendants earn substantial revenue each year selling such products in the United States.

74.     The Sierra Wireless Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the AC875, AC885, Mercury, 598U, AirCard 402, AirCard 595, Compass 597, Raven X, Raven XT, Raven Ethernet CDMA, and Pinpoint X devices.  The Sierra Wireless Defendants earn substantial revenue each year selling such products in the United States.

75.     The Sony Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the W595a Walkman, Cybershot C902, VAIO Lifestyle PC, VAIO TT200 Series, and VAIO Z600 Series devices. The Sony Defendants earn substantial revenue each year selling such products in the United States.

76.     The Sony Ericsson Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the W760a, TM506, and XPERIA devices.  The Sony Ericsson Defendants earn substantial revenue each year selling such products in the United States.

77.     UTStarCom is a well known designer, producer and supplier of wireless communication devices, including but not limited to the CDM8955, CDM7126, CDM8955, and UM175 devices.  UTStarCom earns substantial revenue each year selling such products in the United States.

78.     The ZTE Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the C79 device.  The ZTE Defendants earn substantial revenue each year selling such products in the United States.

79.     The Defendants have infringed and continue to infringe, in this District and elsewhere, on SPH America's rights in the asserted patents including through the sale and distribution of the aforementioned mobile communications devices.

## COUNT I

### (INFRINGEMENT OF THE '385 PATENT)

80.     SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 79 above.

81.     By virtue of its exclusive license to the '385 patent, SPH America has acquired and continues to maintain all substantial rights to the '385 patent including the right to sue and to recover for infringement.

82.     The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '385 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

83.     As a result of the Defendants' unlawful infringement of the '385 patent, SPH America has suffered and will continue to suffer damage.  SPH America is entitled to recover damages adequate to compensate for that infringement.

84.     The Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '385 patent.  Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

85.     The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## COUNT II

## (INFRINGEMENT OF THE '029 PATENT)

86.     SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 85 above.

87.     By virtue of its exclusive license to the '029 patent, SPH America has acquired and continues to maintain all substantial rights to the '029 patent including the right to sue and to recover for infringement.

88.      The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '029 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

89.     As a result of the Defendants' unlawful infringement of the '029 patent, SPH America has suffered and will continue to suffer damage.  SPH America is entitled to recover damages adequate to compensate for that infringement.

90.     The Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '029 patent.  Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

91.     The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## COUNT III

**(INFRINGEMENT OF THE '906 PATENT)**

92.     SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 91 above.

93.     By virtue of its exclusive license to the '906 patent, SPH America has acquired and continues to maintain all substantial rights to the '906 patent including the right to sue and to recover for infringement.

94.      The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '906 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

95.     As a result of the Defendants' unlawful infringement of the '906 patent, SPH America has suffered and will continue to suffer damage.  SPH America is entitled to recover damages adequate to compensate for that infringement.

96.     The Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '906 patent.  Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

97.     The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## COUNT IV

**(INFRINGEMENT OF THE '253 PATENT)**

- 34 -

98.     SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 97 above.

99.     By virtue of its exclusive license to the '253 patent, SPH America has acquired and continues to maintain all substantial rights to the '253 patent including the right to sue and to recover for infringement.

100.    The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '253 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

101.    As a result of the Defendants' unlawful infringement of the '253 patent, SPH America has suffered and will continue to suffer damage.  SPH America is entitled to recover damages adequate to compensate for that infringement.

102.    The Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '253 patent.  Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

103.    The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

<u>**COUNT V**</u>

**(INFRINGEMENT OF THE '973 PATENT)**

104.    SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 103 above.

105.    By virtue of its exclusive license to the '973 patent, SPH America has acquired and continues to maintain all substantial rights to the '973 patent including the right to sue and to recover for infringement.

106.    The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '973 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

107.    As a result of the Defendants' unlawful infringement of the '973 patent, SPH America has suffered and will continue to suffer damage.  SPH America is entitled to recover damages adequate to compensate for that infringement.

108.    The Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '973 patent.  Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

109.    The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPH America prays that this Court enter judgment:

(1)    That Defendants have infringed United States Patent Nos. RE 40,385, 5,960,029, 7,443,906, RE 40,253, and/or 7,586,973;

(2)    That Defendants' infringement is willful and deliberate;

(3)    That this is an exceptional case;

(4)     Permanently enjoining and restraining Defendants and their agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing United States Patent Nos. RE 40,385, 5,960,029, 7,443,906, RE 40,253, and/or 7,586,973;

(5)     Awarding to SPH America actual damages, not less than a reasonable royalty, for Defendants' infringement including costs and pre- and post-judgment interest as allowed by law;

(6)     Awarding treble the amount of losses and damages because of the willful, knowing and wanton nature of Defendants' conduct;

(7)     Awarding all costs of this action, including Plaintiff's reasonable attorney's fees and interest; and

(8)     Granting Plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by a jury in this action.

Respectfully submitted,

/s/ Nichole Buck Vanderslice

| | |
|---|---|
| K. Kevin Mun (VSB 73247) | Nichole Buck Vanderslice (VSB 42637) |
| ECHELON LAW GROUP, PC | nvanderslice@cblaw.com |
| 1919 Gallows Road, Suite 330 | R. Braxton Hill, IV (VSB 41539) |
| Vienna, Virginia 22182 | bhill@cblaw.com |
| Tel: (703) 496-5000 | Henry I. Willett, III (VSB 44655) |
| Fax: (703) 579-0105 | hwillet@cblaw.com |
| Email: kevin.mun@echelaw.com | David B. Lacy (VSB 71177) |
| | dlacy@cblaw.com |
| Tae H. Kim | CHRISTIAN & BARTON, LLP |
| ECHELON LAW GROUP, PC | 909 East Main Street, Suite 1200 |
| 150 Spear Street, Ste 825 | Richmond, VA 23219-3095 |
| San Francisco, CA 94105 | Tel: (804) 697-4100 |
| Tel: (415) 830-9462 | Fax: (804) 697-4112 |
| Fax: (415) 762-4191 | |
| Email: tae.kim@echelaw.com | |
| Email: andrew.choung@echelaw.com | |
| | |
| Brian S. Seal, *pro hac vice* | |
| HIGHBURY CHAPMAN, LLC | Adrian M. Pruetz |
| 1629 K Street, NW, Suite 300 | PRUETZ LAW GROUP, LLP |
| Washington, DC 20006 | 200 N. Sepulveda Blvd, Ste 1525 |
| Tel: (202) 508-1078 | El Segundo, CA 90245 |
| Fax: (202) 508-1478 | Tel: (310) 765-7650 |
| Email: bsseal@hc-iplaw.com | Fax: (310) 765-7641 |
| | Email: ampruetz@pruetzlaw.com |

*Attorneys for Plaintiff SPH America, LLC*

Dated:  September 9, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2009, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record, including:

Preston Burton
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th St NW
Washington, DC 20005-1706
(202) 339-8456
Fax: (202) 339-8500
Email: pburton@orrick.com

*Attorney for Acer America Corp., Acer, Inc.*

Melanie D. Coates
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
(202) 663-6000
Fax: (202) 663-6363
melanie.coates@wilmerhale.com

*Attorney for Apple, Inc.*

Megan Starace Ben'Ary
LeClair Ryan PC (Alexandria)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
(703) 647-5933
Fax: (703) 647-5983
Email: megan.benary@leclairryan.com

*Attorney for Casio America, Inc.; Casio Corp. of America, Inc.*

Benjamin Todd Hickman
Nixon Peabody LLP
401 9th St NW, Suite 900
Washington, DC 20004-2128
202-585-8000
Fax: 866-590-5720
Email: bhickman@nixonpeabody.com

*Attorney for General Dynamics Itronix Corp.; Sierra Wireless America, Inc.; Sierra Wireless, Inc.*

Warren Thomas Allen, II
Skadden Arps Slate Meagher & Flom LLP
1440 New York Ave NW
Washington, DC 20005-2111
202-371-7126
Email: wtallen@skadden.com

*Attorney for Hewlett Packard Co.*

Amanda Renee Johnson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave NW
Washington, DC 20036
(202) 887-4000
Fax: (202) 887-4288
arjohnson@akingump.com

*Attorney for Lenovo Holding Co., Inc.*

Andrew R. Sommer
Howrey LLP (DC)
1299 Pennsylvania Ave NW
Washington, DC 20002
202-783-0800
Fax: (202) 383-6610
Email: SommerA@Howrey.com

*Attorney for Motorola, Inc.; Option Wireless USA, Inc.; Option, Inc.; Optionn NV*

Craig C. Reilly
Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
703-549-5354
Fax: 703-549-2604
Email: craig.reilly@ccreillylaw.com

*Attorneys for Nokia Corp.; Nokia, Inc.*

Ross R. Barton
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd
14th Floor
McLean, VA 22102
(703) 770-7900
Email: ross.barton@alston.com

*Attorneys for Nokia Corp.; Nokia, Inc.*

Eric C. Rusnak
K & L Gates (DC)
1601 K St NW
Washington, DC 20006-1600
(202) 778-9000
Fax: (202) 778-9100
Email: eric.rusnak@klgates.com

*Attorney for Novatel Defendants*

David Evan Finkelson
Robert M. Tyler
McGuireWoods LLP
901 E Cary St
Richmond, VA 23219-4030
804-775-1000
Fax: 804-775-1061
Email: dfinkelson@mcguirewoods.com
Email: rtyler@mcguirewoods.com

*Attorney for Palm, Inc.*

Brian C. Riopelle
McGuireWoods LLP
901 E Cary St
Richmond, VA 23219-4030
(804) 775-1000
Email: briopelle@mcguirewoods.com

*Attorney for Sony Corp. of America; Sony
Electronics, Inc.; Sony Ericsson Mobile
Communications (USA), Inc.*

Michael J. Lockerby
Foley & Lardner LLP (DC)
3000 K St NW, Suite 500
Washington, DC 20007-5143
(202) 672-5300
Fax: (202) 672-5399
mlockerby@foley.com

*Attorney for ZTE (USA), Inc.*

Eugene Andrew Burcher
Walsh Colucci Lubeley Emrich & Walsh PC
4310 Prince William Pkwy, Suite 300
Prince William, VA 22192
703-680-4664
Fax: 703-680-2161
Email: eaburcher@thelandlawyers.com

*Attorney for Panasonic Defendants*

Dana Duane McDaniel
Spotts Fain PC
411 E Franklin St, Suite 600
PO Box 1555
Richmond, VA 23218-1555
(804) 697-2065
(804) 697-2165 (fax)
Email: dmcdaniel@spottsfain.com

*Attorney for UTSTARCOM, Inc.*

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), I hereby certify that on

September 9, 2009, I served on the following, non-filing counsel by electronic mail, per

written agreement of counsel made between August 31 and September 9, 2009, a true and

correct copy of the foregoing Amended Complaint:

| | |
|---|---|
| James Geringer<br>Klarquist Sparkman, LLP<br>(503) 226-7391<br>Email: james.geringer@klarquist.com<br><br>*Attorney for Amazon.com, Inc.* | Anthony Peterman<br>Director, Patents<br>Dell, Inc.<br>(512) 723-4208<br>Fax:  (512) 283-8742<br>Email: anthony_peterman@dell.com<br><br>*Attorney for Dell, Inc.* |
| Frank A. Bruno<br>Gibbons, P.C.<br>One Pennsylvania Plaza, 37th Floor<br>New York, NY 10119-3701<br>Tel: 212-613-2043<br>Fax: 212-554-9662<br>Email: Fbruno@gibbonslaw.com;<br>moreilly@gibbonslaw.com;<br>NChristopher@gibbonslaw.com;<br>CLongstaff@gibbonslaw.com;<br>RRudnick@gibbonslaw.com<br><br>*Attorneys for Personal Communications Device Holdings, LLC and Personal Communications Devices, LLC* | Victor Aghion<br>Assistant General Counsel<br>UTStarcom, Inc.<br>3800 Golf Road, Suite 220<br>Rolling Meadows, IL 60008<br>Office:  (847) 631-9347<br>Mobile: (847) 804-3804<br>Email: Victor.Aghion@utstar.com<br><br>*Attorney for UTSTARCOM Personal Communications, LLC* |

/s/ Nichole Buck Vanderslice
Nichole Buck Vanderslice (VSB 42637)
Email: nvanderslice@cblaw.com
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Tel:  (804) 697-4100
Fax:  (804) 697-4112
*ATTORNEY FOR SPH AMERICA, LLC*

980847